LOUIS A. LEONE, ESQ. (SBN: 099874)
CLAUDIA LEED, ESQ. (SBN: 122676)
**STUBBS & LEONE**
A Professional Corporation
2175 N. California Blvd., Suite 900
Walnut Creek, CA 94596
Telephone: (925) 974-8600
Facsimile: (925) 974-8601
E-mail: leonel@stubbsleone.com
leedc@stubbsleone.com

Attorneys for Defendants CHIEF MITCH CELAYA
And CAPTAIN MARGOT BENNETT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHIVKA VALIAVICHARSKA,<br><br>Plaintiff,<br><br>vs.<br><br>MITCH CELAYA, Police Chief of the University of California Police Department; MARGOT BENNETT, Chief of Administration/Services of the University of California Police Department; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: CV 10 4847 JL<br><br>STIPULATION AND [PROPOSED]<br>PROTECTIVE ORDER |

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1

principles to treatment as confidential. The Parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, counsel, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, correspondence, emails, computer files, testimony, transcripts, and/or tangible things) that are produced or generated in disclosures or responses to discovery (including without limitation deposition questioning) in this matter.

2.3 Confidential and Protected Documents and Information: for purposes of this Agreement, the term "Confidential and Protected Documents and Information" shall be deemed to refer solely to: (1) all documents in the possession, custody or control of the parties regarding and/or comprising confidential personnel matters and/or confidential internal affairs investigations regarding defendants CELAYA, BENNETT and OFFICER BRENDAN TINNEY (who is not yet a named defendant) and/or any other employee and/or agent of THE REGENTS.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Confidential and Protected Documents and Information (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, and/or compilations thereof, plus testimony, conversations, communications, or presentations by parties or counsel to or in court or in any other settings that might reveal Confidential and Protected Documents and Information and/or any portion thereof.

4. DURATION

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

2

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect unless and until all parties agree otherwise in writing or a court order otherwise directs.

5.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1  Object in Writing. Any party may object in writing to the designation of a document or information as confidential and protected. If the parties are unable to resolve an objection within fourteen court days of making the objection, the parties shall submit a joint letter in compliance with Judge Larson's standing order regarding discovery disputes. Until the Court resolves the issue, the material shall be treated as confidential. The failure of a party to challenge the confidentiality of a document or information will not constitute an admission that the document or information is or is not confidential. Nor will such failure constitute an admission that the document or information is or is not admissible.

6.  ACCESS TO AND USE OF CONFIDENTIAL AND PROTECTED MATERIAL

6.1  Provisions. The following provisions shall govern the use of a "Confidential and Protected Documents and Information" by any person to whom such document or information is produced, whether in response to discovery or otherwise or disclosed in the course of this litigation:

(a) All Confidential and Protected Documents and Information produced in this action (and all copies, excerpts, digests, summaries, and indices of such documents and information) can only be viewed by the Parties and the attorneys of record in this Action –Steven Yourke, Claudia Leed, Jennifer Logue and Louis Leone and the attorneys' necessary staff, who all will agree to be bound by this Order. All Confidential and Protected Documents shall be clearly marked, "Confidential and Protected Documents Subject to Protective Order. All Confidential and Protected Information shall be designated "Confidential and Protected Information subject to Protective Order" in an appropriate manner.

(b) Any Confidential and Protected Document and Information (and any copy, excerpt, digest, summary, or index thereof) and all information contained therein will be used only for the purpose of preparation and trial of the above-captioned lawsuit.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

3

(c) All Confidential and Protected Documents produced in this action shall be returned to counsel for the parties who produced the documents or shall be destroyed at the conclusion of this lawsuit.

(d) Confidential and Protected Documents and information contained therein and Confidential and Protected Information will not be disclosed by the parties or the parties' attorneys, except to the Court, court personnel, certified court reporters, consultants, and experts engaged to prepare their respective claims or defenses in this case. Such court reporters, consultants, and experts will agree to be bound by the terms of this Agreement.

(e) The Confidential and Protected Documents and Information and the information contained therein may be shown to and used by experts and consultants engaged by or for parties to this litigation and their insurers for the purposes of preparing this case for trial. All notes, copies or other reproductions of the text of the documents or of the confidential information, however made, shall be either: (1) returned to counsel for the parties who produced the documents or provided the information; or (2) destroyed at the conclusion of this lawsuit.

(f) In the event that questions asked at depositions require disclosure of any Confidential and Protected Documents and Information, counsel for the parties will request on the record that the pertinent pages of the deposition transcripts be sealed and be utilized only as permitted by this Agreement. When Confidential and Protected Documents and Information is contained or incorporated in a deposition transcript, arrangements shall be made with the reporter to bind the CONFIDENTIAL portions of the transcript separately and label it "Confidential Information Subject to Protective Order."

(g) In the event that a Confidential and Protected Document or any document containing Confidential and Protected Information is introduced into evidence or otherwise filed with the Court during the pendency of trial of this lawsuit, counsel introducing or filing such document will, at the conclusion of this lawsuit, promptly request return of such document and, upon receipt thereof, shall return the document to the party who produced it or destroy it.

(h) Each document or thing designated by any party as confidential and protected and, therefore, subject to the terms of this Agreement will be plainly marked with a legend identifying

it as a "Confidential and Protected Document subjected to Protective Order" subject to the terms of this Agreement.

(i) At the conclusion of this lawsuit, all documents, transcripts, answers to interrogatories, exhibits or portions thereof that have been designated as confidential and protected, that have been obtained as a result of discovery in this action, and that are in the possession of counsel, a party, expert, or consultant shall be returned to the party who produced the documents or destroyed upon request.

(j) All provisions herein regarding confidentiality and non-disclosure of any document and the information contained therein shall continue to be in force after the conclusion of this lawsuit or the return of any document.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If any Party is served with a subpoena or an order issued in other litigation that would compel disclosure of the information or items designated in this action as "CONFIDENTIAL", that Party must so notify the other Parties to this litigation through their respective counsel, in writing (by fax or e-mail if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Subpoenaed Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Subpoenaed Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Subpoenaed Party in this case an opportunity to try to protect the confidentiality interests in the court from which the subpoena or order issued. The Party seeking protection of this Protective Order shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

5

be construed as authorizing or encouraging Subpoenaed Party in this action to disobey a lawful directive from another court.

8.  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Subpoenaed Party learns that, by inadvertence or otherwise, it has disclosed Confidential and Protected Documents or information contained in them or Confidential and Protected Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Subpoenaed Party must immediately (a) notify in writing the other Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential and Protected Documents or information contained in them, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.  **FILING PROTECTED MATERIAL**

A Party may not file in the public record in this action any Confidential and Protected Documents without written permission from the parties to this stipulation or a court order secured after appropriate notice to all interested persons. A Party that seeks to file under seal any Confidential and Protected Documents must comply with Civil Local Rule 79-5.

10. **ANY OTHER CONFIDENTIAL AND PROTECTED DOCUMENTS**

If through the course of further discovery, it is learned that other confidential and protected documents and/or confidential and protected information within the possession, custody or control of the Parties may be reasonably calculated to lead to the discovery of admissible evidence, it is the intent of the Parties to extend this STIPULATED PROTECTIVE ORDER to these other confidential and protected documents and confidential and protected information.

WHEREFORE, all Parties agree that any and all additional documents or confidential and protected information released by the parties that bear the term, "Confidential and Protected Document" or "Confidential and Protected Information", respectively shall be subject to <u>all of the terms and conditions outlined in this STIPULATED PROTECTIVE ORDER.</u>

11. **MISCELLANEOUS**

11.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: May___, 2011                                    **STUBBS & LEONE**

_____/s/_____
CLAUDIA LEED, ESQ.
Attorneys for Defendants MITCH CELAYA and MARGOT BENNETT

Dated: May ____, 2011                                  **LAW OFFICES OF JOHN L. BURRIS**

_____/s/_____
STEVEN YOURKE ESQ.
Attorneys for Plaintiff ZHIVKA VALIAVICHARKSA

**IT IS SO ORDERED**

Pursuant to the Stipulation of the parties it is so ordered.

Dated: 5-17-11

JAMES LARSON
Magistrate Judge

STIPULATION AND [PROPOSED] PROTECTIVE ORDER