IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHIVKA VALIAVACHARSKA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MITCH CELAYA, et al.,<br><br>　　　　Defendant | Case No: 10-4847 JSC<br><br>**ORDER GRANTING MOTION TO QUASH (Dkt. No. 35)** |

　　　Now pending before the Court is Plaintiff's motion to quash a subpoena. After carefully considering the papers submitted by the parties, the motion to quash is GRANTED.

## FACTUAL BACKGROUND

　　　Plaintiff, a U.C. Berkeley student, attended a university protest against cut budgets and increased tuition. The U.C. Berkeley Police Department requested assistance from the Alameda County Sheriff's Department after protestors broke into and occupied a university building. A barricade was erected and breached, causing injury to a police officer. (Complaint ¶ 12 & Dkt. No. 7 at 6.) Plaintiff claims she "gently rested her left hand" on a police barricade, was told by a police officer to remove it and did so but "inadvertently rested her left hand on the barricade again," at which

point a police officer "struck her a vicious blow" with a police baton and fractured her fourth and fifth fingers. (Complaint ¶ 12.)

Defendants claim that Plaintiff did not comply with at least three verbal directives to take her hand off the police barricade while protestors were attempting to "push the barricade over and cross the police line," and Plaintiff was "grabbing the top of the barricade and shaking it." The officer intended to strike Plaintiff on the hand with his baton once to prevent her from "pushing and shaking the barricade." Despite the officer's intent, Defendants state it is unclear whether the police officer's baton actually hit Plaintiff or just the barricade. Plaintiff left the scene but "did not cry out in pain or ask for medical assistance." (Dkt. No. 7 at 6.)

The officer is identified as John Doe No. 1, and Defendants Celaya and Bennett are accused of proximately causing Plaintiff's injury by failing "to properly train, supervise, and discipline their officers," including John Doe No. 1. (Complaint ¶ 19.) Plaintiff required four surgeries because of her injuries and still has restricted use of her left hand. Plaintiff seeks $2,000,000 in compensatory damages, $200,000 in punitive damages, "special damages according to proof at trial," attorney fees, and "all other relief to which she may be legally entitled." (Dkt. No. 1 at 6.)

**PROCEDURAL HISTORY**

Defendants subpoenaed medical records from Plaintiff's treating psychologist, Dr. Kristine Panik. Plaintiff moves to quash the subpoena on the grounds that she has not put her mental health at issue and the records sought are privileged. In particular, she contends that because she seeks only "garden variety" emotional distress, her mental health records are not discoverable. (Dkt. No. 35.)

Defendants failed to respond to the motion to quash by the deadline set by the Local Rules. After being contacted by the Court after the deadline passed, Defendants represented that a notice of non-opposition to the motion to quash would be filed. Then Defendants inexplicably filed an

opposition to the motion to quash.  As a result of the late filing, the Court was required to issue an order moving the hearing date on the motion to September 22, 2011 at 9:00 a.m. to give Plaintiff an opportunity to file a reply memorandum, which Plaintiff did.  At the time set for hearing, Plaintiff's counsel did not appear and did not otherwise communicate with the Court.

The Court nonetheless concludes that this matter can be resolved without a hearing, see Local Rule 7-1(b), and rules as set forth below.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 45(a)(1)(c), a nonparty to a civil suit, like a mental health care practitioner, can be subpoenaed for documents relevant to the suit.  Under Federal Rule of Civil Procedure 26(b)(1), documents are discoverable if they are not privileged and "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence."  A court may quash an otherwise relevant subpoena if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).  As the party resisting discovery, the burden is on Plaintiff to demonstrate discovery should not be permitted.  Fed. R. Civ. P. 26(b).

The applicable test for the disclosure of mental health records is not relevance but rather whether the plaintiff waived the doctor-patient privilege by putting her mental health at issue. E.E.O.C. v. Serramonte, 237 F.R.D. 220, 224 (N.D. Cal. 2006) (citing Fritsch v. City of Chula Vista, 187 F.R.D. 614, 625-26 (S.D. Cal. 1999)); see also Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 229-30 (D.Mass.1997) (holding that the psychotherapist-patient privilege is waived "if communication between the two is put at issue by the patient, for example, where the cause of action relies on advice or findings of the psychotherapist.  Under this measure of fairness, waiver prevents the privilege from being used as both a sword and a shield."). The case law is clear that a plaintiff

only waives her privacy rights to mental health records by "asserting more than a garden-variety claim of emotional distress." Turner v. Imperial Stores, 161 F.R.D. 89, 97 (S.D. Cal. 1995).

In Fitzgerald v. Cassil, 216 F.R.D. 632, 633 (N.D. Cal. 2003), for example, plaintiffs sought damages for emotional distress caused by housing discrimination, and defendant subpoenaed medical records related to plaintiffs' emotional distress symptoms, which included depression and sleep loss. The court quashed the subpoenas, reasoning that plaintiffs did not waive the privilege to their mental health records when they agreed "not [to] affirmatively rely on any treating psychotherapist or other expert to prove the emotional distress damages suffered" and did not allege "a cause of action for intentional or negligent infliction of emotional distress" or "a specific psychiatric injury or disorder or unusually severe emotional distress extraordinary in light of the allegations." Id. at 639.

Similarly, in E.E.O.C. v. Serramonte, 237 F.R.D. 220 (N.D. Cal. 2006), an employment discrimination case, the court likewise found the plaintiff did not waive her privacy right by only asserting garden variety emotional distress. Quoting Johnson v. Trujillo, 977 P.2d 152, 157-58 (Colo. 1999), the Serramonte court found that plaintiff's mental suffering claim was within the bounds of "garden variety" emotional distress as it "'does not exceed the suffering and loss an ordinary person would likely experience in similar circumstances' and constitutes 'matters that are within the everyday experience of the average juror.'" Id. at 224. The court also noted that plaintiff did not claim to have ongoing emotional distress symptoms and did not seek to introduce expert testimony or medical records to support her emotional distress claims. Id. at 224-25.

In Verma v. American Express, 2009 W.L. 1468720 at *2 (N.D. Cal. 2009), in contrast, the court held that the plaintiff went beyond "garden variety" emotional distress because she claimed to continue "to experience 'extreme' emotional distress," which "raise[d] the possibility that her reaction exceeds 'the suffering and loss an ordinary person would likely experience in similar circumstances.'"

4

Id. (quoting Serramonte, 237 F.R.D. at 224).  The court nonetheless allowed the plaintiff to avoid putting her mental health at issue by not presenting expert testimony and eliminating her claim of "ongoing" emotional distress. Id.

## DISCUSSION

In this case, Defendants argue that Plaintiff has put her mental health at issue and that they are entitled to review Dr. Panik's records to determine whether Plaintiff "made statements to Dr. Panik about the circumstances of the incident in question." (Dkt. No. 37 at 2.)  To support their claim, Defendants cite a notation in Plaintiff's physical therapy records which reads: "Pt. states she is having some sxs [symptoms] from PTSD because of court case.  She is receiving mental health care." (Dkt. No. 37, Ex. A.)  Defendants also point to Plaintiff's deposition, in which the following exchange took place:

> Q. Are you going to testify at trial that you required any kind of treatment for anxiety because of the incident in question?
>
> A. I may

(Dkt. No. 37, Ex. B at 2:10-13.)  Defendants also note that Plaintiff claims to experience nightmares stemming from this incident. (Dkt. No. 37 at 2.)

Plaintiff admits that she "briefly" saw a psychiatrist "for help with anxiety and depression arising from the present litigation and having nothing to do with any injuries for which she seeks compensation." (Dkt. No. 39 at 1.)  She clarifies that the depression and anxiety were related to "having her deposition taken, trying to locate witnesses, trying to gather documents responsive to discovery requests, etc." and that Plaintiff "does not claim to have suffered PTSD or any other psychiatric injury or disorder as a result of being struck on the hand by the officer." (Id. at 2.) Plaintiff offers to "stipulate that she would not call Dr. Panik to testify at trial or offer any evidence relating to Dr. Panik." (Id.)

The Court concludes that given Plaintiff's now unequivocal intent to seek only "garden variety" emotional distress, the motion to quash should be granted. In light of this ruling, Plaintiff will not be permitted to introduce expert testimony or medical records to support an emotional distress claim and will not be allowed to claim she suffered any psychiatric disorder, including PTSD or nightmares, as a result of the incident in question. In other words, Plaintiff's emotional distress is limited that what an ordinary person subjected to similar circumstances would experience and was not prolonged or ongoing.

Defendants' reliance on Davis v. Superior Court, 7 Cal. App. 4th 1008, 1017 (2002) is unpersuasive. In Davis, the court recognized that by "limiting [plaintiff's] claim for emotional distress to pain and suffering associated with stated physical injuries, and by explaining that [the medical provider in question] provided no treatment in connection with the injuries for which compensation was sought, petitioner established that it is not reasonably probable that the records are directly relevant to the condition she placed in issue." Id. Defendants argue that Davis supports production of the mental health records since Plaintiff sought treatment and by "seeking such treatment" Plaintiff put her "emotional distress at issue." (Dkt. No. 37 at 2.) The case law is clear, however, that it is not *seeking* treatment but rather *attempting to introduce evidence* of such treatment that determines whether Plaintiff's mental health is at issue. Plaintiff does not seek and will not be allowed to introduce evidence of her mental health treatment.

**CONCLUSION**

In light of Plaintiff's stated intention to claim only "garden variety" emotional distress, the motion to quash is GRANTED.

The Court, however, must express its concern with the parties' repeated failures to comply with the orders of the Court. First, Defendants failed to comply with the Court's order that

Defendants file a response to Plaintiff's motion to amend the complaint. (Dkt. No. 23.) Next Defendants failed to respond to Plaintiff's motion to quash within the timeframe set by the Local Rules and then misrepresented to the Court that Defendants would be filing a notice of non-opposition.  Finally, Plaintiff failed to appear for an August status conference (Dkt. No. 36) and again for the hearing on Plaintiff's motion to quash.  In the future, the Court will issue orders to show cause when counsel fails to appear as required, and late filings will not be accepted.  The parties are further ordered to appear on November 17, 2011 at 1:30 pm for a status conference should the settlement conference before Judge Vadas on October 28, 2011 not resolve the case.

**IT IS SO ORDERED.**

Dated: September 26, 2011

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge