1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZHIVKA VALIAVICHARSKA,

        Plaintiff,

   v.

BRENDAN TINNEY, et al.,

        Defendants.

Case No.: CV 10-4847 JSC

**ORDER RE: ADMISSIBILITY OF WITNESSES PROPOSED BY DEFENDANT (Dkt. Nos. 114, 119)**

     Defendant Brendan Tinney's witness list for trial, filed January 12, 2012, includes Barbara Fisher and Teresa Wong and explains that each will testify that they heard Plaintiff "say that she got her finger caught in the barricade." (Dkt. No. 91.)  Plaintiff has moved to exclude both witnesses from testifying at trial on the ground that Defendant did not properly disclose them as required by Federal Rule of Civil Procedure 26(a).  (Dkt. No. 97.)  The Court asked for further briefing on this issue following the January 19, 2012 pretrial conference. Now pending before the Court is Defendant's January 24, 2012 letter on the admissibility of these witnesses. (Dkt. No. 114.)  The Court also reviewed Plaintiff's response, which was due January 27, 2012 but not filed until January 30, 2012.  (Dkt. No. 119.)

     Both of the proposed witnesses, neither of whom was deposed, are nurses who treated Plaintiff at the Tang Center immediately after her injury, and Defendant states that their

United States District Court
Northern District of California

1  identities are noted in Plaintiff's medical records.  (Dkt. No. 114.)  Defendant represents that

2  Barbara Fisher was disclosed as a potential witness pursuant to Federal Rule of Civil

3  Procedure 26 as "Barbara Fisher, RN, Tang Center-University Health Services Urgent Care."

4  (Dkt. No. 114.)  Teresa Wong was not disclosed by Defendant pursuant to Rule 26.  The

5  question before the Court is whether Defendant should be allowed to call these witnesses at

6  trial given the manner in which Barbara Fisher was disclosed and the nondisclosure of Teresa

7  Wong.

8  ### FEDERAL RULE OF CIVIL PROCEDURE 26(a)

9  Federal Rule of Civil Procedure 26(a) requires a party to provide "the name and, if

10  known, the address and telephone number of each individual likely to have discoverable

11  information—along with the subjects of that information—that the disclosing party may use to

12  support its claims or defenses, unless the use would be solely for impeachment."  Rule

13  26(e)(i) requires parties to supplement their Rule 26 witness disclosures if a party learns the

14  disclosure is incomplete or inaccurate.  Under Federal Rule of Civil Procedure 37(c)(1), "a

15  party that without substantial justification fails to disclose information required by Rule 26(a)

16  . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any

17  witness or information not so disclosed."  The "underlying purpose of Rule 26's disclosure

18  requirements is to provide parties notice."  <u>Fonseca v. City of Fresno</u>, 2012 WL 44041 at *5

19  (E.D. Cal. Jan. 9, 2012).

20  ### A.  Barbara Fisher

21  The Court finds that Defendant's disclosure of Ms. Fisher complied with Rule 26.

22  Defendant's Rule 26 disclosure identifies the witness by first and last name, professional title,

23  and place of work, which put Plaintiff on notice that she was a hospital employee involved in

24  Plaintiff's treatment.  Further, Defendant asserts that "Ms. Fisher's role in caring for the

25  plaintiff is well documented" in Plaintiff's own medical records.  (Dkt. No. 114.)  Under such

26  circumstances Plaintiff was on notice as to Barbara Fisher's identity and relevance as a

27  medical treating professional.  <u>See, e.g.</u>, <u>Johnson v. Couturier</u>, 2009 WL 3169965 at *2 (E.D.

28  Cal. Sept. 28, 2009) (finding that a witness "who was not named specifically" was nonetheless

1   "properly listed in the Plaintiffs' initial disclosures" when Plaintiffs listed "Noll Board of

2   Directors" and "Defendants had personal knowledge of those persons who had served on the

3   Noll Board").

4          Plaintiff nonetheless contends that the subject of Barbara Fisher's proposed testimony

5   was not properly enumerated.  Rule 26 "does not require a detailed summary of a potential

6   witness's expected testimony" but merely that "the party identify the specific subjects or

7   topics on which the witness may be called to testify." Colony Ins., Co. v. Kuehn, 2011 WL

8   4402738 at *3 (D. Nev. Sept. 20, 2011).  The scope of Barbara Fisher's proposed testimony is

9   limited to what occurred at "Tang Center-University Health Services Urgent Care"—the

10  subject enumerated in Defendant's Rule 26 disclosure.  Further, at Plaintiff's deposition

11  Plaintiff was asked about the statement in her medical records reflecting that she had reported

12  to Tang Center personnel that her finger had been cut off by the barricades.  Thus, long before

13  discovery closed Plaintiff has been on notice of the subject of the specific statement to which

14  Defendant proposes to have Ms. Fisher testify.

15      **B.  Teresa Wong**

16         Plaintiff asserts that Teresa Wong should not be permitted to testify as Defendant did

17  not disclose her as required by Rule 26.  Defendant admits that he did not disclose Ms. Wong.

18  He nonetheless contends that he was not required to identify Ms. Wong in his Rule 26(a)

19  disclosures because he intends to offer her testimony for impeachment only.  See Fed. R. Civ.

20  P. 26(a) (a party does not need to disclose witnesses if "the use would be solely for

21  impeachment").  "Impeachment" as contemplated by the Rule 26(a) exception "refers to

22  attacks on the credibility of a witness" and not to rebuttal evidence, which tends "to prove any

23  element of [a party's] claims." Committee for Immigrant Rights of Sonoma County v. County

24  of Sonoma, 2009 WL 18333988 at *3 (N.D. Cal. June 23, 2009).

25         The proposed "impeachment" actually goes to the substance of a potential defense,

26  namely, that Plaintiff's injury was not caused by Officer Tinney but instead occurred (at least

27  in part) because her finger got caught in the barricades.  Indeed, it is apparent that Defendant

28  questioned Plaintiff about this purported statement during her deposition precisely because of

its substantive value.  While Ms. Wong's testimony may bear on Plaintiff's credibility, it bears equally—if not even more strongly—on causation.  Thus, Ms. Wong's proposed testimony is not "*solely* for impeachment" as required for the Rule 26(a) exception.   Fed. R. Civ. P. 26(a)(emphasis added).   Defendant's assertion that he is not offering Ms. Wong for causation is of no moment unless and until Defendant will stipulate as to causation. Accordingly, and in light of Defendant's unexplained failure to identify Ms. Wong in his Rule 26 disclosures, Defendant is not permitted to call Ms. Wong as a witness at trial.

**IT IS SO ORDERED.**

Dated: January 31, 2012

_____

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

4