IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHIVKA VALIAVICHARSKA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MITCH CELAYA, ET AL.,<br><br>　　　　Defendant. | Case No.: CV 10-4847 JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION TO EXCLUDE A WITNESS (Dkt. Nos. 121, 123, 124)** |

The Court is in receipt of Plaintiff's letters dated January 30, 2012 and January 31, 2012, which move to exclude testimony at trial from Captain Margot Bennett (Dkt. No. 121, 124), and Defendant's response dated January 31, 2012 (Dkt. No. 123). Defendant filed his witness list on January 12, 2012. (Dkt. No. 91.) Plaintiff filed objections to Defendant's proposed witnesses on January 17, 2012 but did not object to Captain Bennett. (Dkt. No. 97.) The Court ruled on all witness objections at the pretrial conference on January 19, 2012, and again Plaintiff did not raise any objection to Captain Bennett due to an "oversight." (Dkt. No. 124.) Plaintiff now states that the Order on the parties' motions in limine (Dkt. No. 112) renders Captain Bennett's testimony irrelevant as she "did not witness the subject incident." (Dkt. No. 121.) Defendant responds that he plans to elicit testimony from Captain Bennett regarding "a brief overview" of the "events leading up to the use of force" as well as the fact

that Officer Tinney's "use of force was consistent with Officer Tinney's training and that it was within Department policy." (Dkt. No. 123.)

The Court will hold a hearing on the scope of Captain Bennett's testimony after the dismissal of the jury on Monday, February 6, 2012. Defendant's opening statement should not recite that Captain Bennett will testify that Officer Tinney's use of force was consistent with his training and within Department policy.

**IT IS SO ORDERED.**

Dated: February 1, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE