IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHIVKA VALIAVICHARSKA,<br><br>            Plaintiff,<br><br>    v.<br><br>BRENDAN TINNEY,<br><br>            Defendant. | Case No.: CV 10-4847 JSC<br><br>**ORDER RE: COMPUTATION OF PLAINTIFF'S MEDICAL DAMAGES (Dkt. Nos. 113, 118)** |

Now pending before the Court are the parties' letter briefs on whether medical damages in this case should be limited to amounts actually paid to satisfy Plaintiff's medical bills. (Dkt. Nos. 113, 118.)  Defendant raised this issue in his motions in limine, and the Court asked for further briefing following the January 19, 2012 pretrial conference. (Dkt. No. 112 at 3.)  Citing the California Supreme Court's recent decision in Howell v. Hamilton Meats & Provisions, Inc., 52 Cal.4th 541 (Cal. 2011), Defendant maintains that Plaintiff should only be allowed to recover medical expenses paid on Plaintiff's behalf or for which Plaintiff is liable and not the full amount billed by medical providers.  Plaintiff counters that the "award of damages in Section 1983 actions are governed by federal common law which has always recognized the collateral source rule." (Dkt. No. 118.)  Neither party disputes the applicability of the collateral source rule to section 1983 cases in federal court; rather, the question before

the Court is whether under the collateral source rule a Plaintiff may recover *billed* medical costs or only the actual payments made *in satisfaction of* these medical bills regardless of the source of the payments. After reviewing the briefing by both parties, the Court concludes that only amounts paid by or on behalf of Plaintiff in full satisfaction of her medical bills pursuant to prior agreement are relevant to determine medical damages.

## DISCUSSION

In general, the collateral source rule provides that "'benefits received by the plaintiff from a source collateral to the defendant may not be used to reduce that defendant's liability for damages.'" Henderson v. Peterson, 2011 WL 2838169 at *4 (N.D. Cal. July 15, 2011) (quoting McLean v. Runyon, 222 F.3d 1150, 1155–1156 (9th Cir. 2000) (internal quotations marks and citations omitted)). The rule therefore allows "an injured party to recover medical expenses from a tortfeasor, notwithstanding reimbursement of such expenses by the injured party from a third party, if such reimbursement is from a 'collateral source' and not from a tortfeasor." Siverson v. United States, 710 F.2d 557, 559 (9th Cir. 1983). The rule's intention is to "prevent the defendant from receiving a windfall by avoiding liability for damages suffered by the plaintiff as a result of the defendant's conduct." Henderson, 2011 WL 2838169 at *4.

Defendant states that Plaintiff was billed $32,222.53 for medical treatment, but Plaintiff's insurance paid only $17,088.60 to fully satisfy this bill. (Dkt. No. 113 at 3.) Howell held that where a medical provider "accepts as full payment, pursuant to a preexisting contract with the injured person's health insurer, an amount less than that stated in the provider's bill," the injured person may not recover "as economic damages for past medical expenses the undiscounted sum stated in the provider's bill but never paid by or on behalf of the injured person." Howell, 52 Cal.4th at 548. This holding reflects the reality that the "plaintiff did not incur liability for her provider's full bills, because at the time the charges were incurred the providers had already agreed on a different price schedule," and thus "[h]aving never incurred the full bill, [t]he plaintiff could not recover it in damages for economic loss." Id. at 563. In essence, while the collateral source rule clearly covers

2

*payments* made on the plaintiff's behalf by a collateral source such as insurance, the rule does not extend to hypothetical money that was never paid or owed[1] due to an independent third-party arrangement between an insurer and a medical provider that predated the plaintiff's injury.

In support of her position that Howell is irrelevant to this federal law action and that under federal law Plaintiff should be allowed to recover for all billed medical expenses, Plaintiff cites cases in which the collateral source rule was applied to actual amounts paid on a plaintiff's behalf in the form of unemployment benefits or reimbursement for medical expenses. See, e.g., Nat'l Labor Relations Bd. v. Gullett Gin, Co., 340 U.S. 361, 363-65 (1951) (back pay award not reduced by unemployment benefits); Kauffman v. Sidereal Corp., 695 F.2d 343, 357 (9th Cir. 1982) (same); Gil v. Maciejewski, 546 F.3d 557, 564 (8th Cir. 2008)(applying the federal common law collateral source rule and not deducting "$9,906.98 [received by plaintiff] from his insurer to cover the cost of medical treatment" from a $10,000 damages award). Plaintiff does not cite any case in which a plaintiff was allowed to recover as medical expenses an amount never actually owed because of insurance agreements that pre-existed the plaintiff's injury, which is the issue here.

"[T]he common law of torts provides the appropriate starting point for the [damages] inquiry under §1983." Ditullio v. Boehm, 662 F.2d 1091, 1097 (9th Cir. 2011). The Court has not located any federal common law that squarely addresses whether a plaintiff in a personal injury action should be able to recover as medical expenses all amounts billed regardless of any pre-existing agreement as to what amount would actually be paid by an insurance company. At least one California federal trial court has applied Howell, but it did so in a diversity jurisdiction state-law action. Van Maanen v. Youth With a Mission, 2011 WL 5838185 (E.D. Cal. Nov. 21, 2011) (applying Howell to a negligence case where plaintiff was a Dutch citizen). Another district court applied the rule later set forth in Howell (based on California appellate decisions) in a Federal Tort Claims Act case while Howell was

---

[1] Howell notes further that billed rates do not even "necessarily represent the amount an uninsured patient will pay" due to discounts hospitals routinely offer. Howell, 52 Cal.4th at 561.

pending before the California Supreme Court.  Quintero v. U.S., 2011 WL 836735 at *2 (E.D. Cal. Mar. 2, 2011) (upholding initial damages award despite plaintiff's claim of entitlement to higher damages "equal to the full amount billed for his medical services, not the amount accepted by health care providers in full satisfaction of his medical debts").

The Court will instruct the jury that in determining the amount of Plaintiff's damages, if any, the jury should consider the "reasonable value of necessary medical care, treatment, and services received to the present time."  Ninth Circuit Civil Model Jury Instruction No. 5.2; see also Quintero, 2011 WL 836735 at *6 (stating that "[t]he normal measure of [medical] damages for a person injured by another's tortious conduct is the reasonable value of medical care and services reasonably required and attributable to the tort").  The critical question, then, is whether the amount billed is relevant to the "reasonable value of necessary medical care" inquiry when the amount billed is unrelated to the amount actually owed for the medical services due to pre-existing agreements between the plaintiff's medical provider and insurer.

The Court agrees with Howell and Quintero that the amount actually paid on behalf of Plaintiff by her insurers pursuant to prior agreements with her medical providers is the reasonable value of her medical care.  Plaintiff has not cited any case law to the contrary, and this rule makes common sense.  The dilemma, however, is how to present such evidence to the jury without—perhaps unintentionally—inducing them to reduce the amount of medical damages by the amount paid by the insurers in violation of the collateral source rule.[2]  The parties are therefore ordered to meet and confer to determine if they can reach an agreement on how to present such evidence.

Another potential solution is to follow the procedure that occurred in Howell, namely "where a trial jury has heard evidence of the amount accepted as full payment by the medical provider but has awarded a greater sum as damages for past medical expenses, the defendant may move for a new trial on grounds of excessive damages," and the plaintiff may "choose

---

[2] The Quintero court admitted evidence of both the amounts billed and paid but noted that as Quintero was a bench trial, "there was no jury hearing" and thus "the risk of undue prejudice under Rule 403 resulting from the evidence was nonexistent." Quintero, 2011 WL 836735 at *8.

4

between accepting reduced damages or undertaking a new trial." Howell, 52 Cal.4th at 567. The Court will address this issue with the parties on Monday, February 6, 2012 following the dismissal of the jury.

**IT IS SO ORDERED.**

Dated:  February 2, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE