IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHIVKA VALIAVICHARSKA,<br><br>    Plaintiff,<br><br>    v.<br><br>MITCH CELAYA, et al.,<br><br>    Defendant. | Case No.: CV 10-4847 JSC<br><br>**ORDER FOR PLAINTIFF'S COUNSEL TO SHOW CAUSE** |

On October 27, 2011, Plaintiff's counsel, Mr. Steven Yourke, electronically filed a declaration from Plaintiff in opposition to Defendants' motion for summary judgment. The declaration was signed by Plaintiff under penalty of perjury. (Dkt. No. 50.) Plaintiff states in her declaration: "I put my hand on top of the barricade and shook it." (Dkt. No. 50 ¶ 5.) During her sworn trial testimony on February 7, 2012, Plaintiff stated: "I don't particularly recollect [shaking the barricade], but I'm saying I may have been shaking the barricade." (Trial Tr., Feb. 7, 2012 (Valiavicharska) at 7: 17-18.) Defendant subsequently attempted to impeach Plaintiff with her unequivocal declaration statement. (Id. at 11: 10-15.) Plaintiff, after examining her declaration at some length, stated: "I hadn't actually seen that document, but it was filed on my behalf." (Id.) Out of the presence of the jury, and upon questioning

from the Court, Mr. Yourke issued the following explanation for Plaintiff's failure to have seen her declaration prior to her testimony at trial:

> [T]o the best of my recollection, I did speak with her [Plaintiff] telephonically, told her what I was doing. I was preparing a declaration for her. I believe I read it to her or at least explained what the substance of the declaration was and would it be okay if I were to sign it on her behalf. And she said, 'Yes.' . . . I don't believe I sent it to her for review before getting her authorization, but I certainly discussed it with her on the phone and told her what it was and what it was for.

(Partial Trial Tr., 2-7-12 at 2:19-24, 3:2-5.)

General Order 45 §10(B) requires that an attorney filing a declaration on behalf of his client "shall attest that concurrence in the filing of the document has been obtained" from the signatory and "shall maintain records to support this concurrence for subsequent production for the court if so ordered." Based on the evidence now before the Court, Mr. Yourke did not obtain the required concurrence prior to filing this declaration on behalf of Plaintiff. Mr. Yourke is therefore ordered to show cause, including production of any records in support of Plaintiff's concurrence, by February 27, 2012 as to why he should not be sanctioned for his failure to comply with General Order 45 §10(B). Such sanctions may include referral to the Standing Committee on Professional Conduct, the Chief Judge, or another appropriate disciplinary authority in California or the Northern District. See L.R. 11-6 (a). Defendant shall file a response, if any, by March 12, 2012. A hearing on this Order To Show Cause will be held March 23, 2012 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: February 13, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

2