United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHIVKA VALIAVICHARSKA,<br><br>    Plaintiff,<br><br> v.<br><br>MITCH CELAYA, et al.,<br><br>    Defendants. | Case No.: CV 10-4847 JSC<br><br>**ORDER REFERRING ATTORNEY STEVEN YOURKE TO THE STANDING COMMITTEE ON PROFESSIONAL CONDUCT** |

Now pending before the Court is an Order to Plaintiff's counsel Steven Yourke to show cause why he should not be sanctioned for electronically filing a declaration of Plaintiff Zhivka Valiavicharska that Plaintiff had never seen. After carefully considering Mr. Yourke's response, as well as the response of Defendants, and having had the benefit of a hearing on March 22, 2012, the Court concludes that Mr. Yourke violated not only Northern District of California General Order 45, but also common sense and the trust the Court must place in the attorneys who practice before it. The Court therefore refers Mr. Yourke to the Northern District's Standing Committee on Professional Conduct.

//
//
//

## BACKGROUND

In this lawsuit, Plaintiff Zhivka Valiavicharska claims Defendant Officer Tinney used excessive force when he struck her hand with a baton during a student protest at UC Berkeley in November 2009. A critical issue was whether Plaintiff was shaking a metal barricade at the time her hand was struck. Plaintiff testified she was not shaking the barricade at that time while Officer Tinney testified that she was. As a result, Plaintiff's conduct directly before the baton strike was relevant; that is, whether she had ever shaken the metal barricade during the few minutes leading up to the incident.

During her April 22, 2011 deposition, Plaintiff testified that she did not remember if she had shaken the barricade at all: "I may have [shaken the barricade]. I don't know . . . I don't remember . . . . It's possible." (Dkt. No. 44-3 at 4:11-23.) On October 27, 2011, Plaintiff filed her opposition to Defendants' motion for summary judgment. In support of that opposition, Plaintiff's counsel, Steven Yourke, electronically filed a declaration signed[1] by Plaintiff under penalty of perjury. (Dkt. No. 50.) In contrast to her deposition testimony, Plaintiff states in this declaration without any equivocation: "I put my hand on top of the barricade and shook it." (Dkt. No. 50 at ¶ 5.) During sworn trial testimony on February 7, 2012, Plaintiff testified consistently with her deposition testimony: "I don't particularly recollect [shaking the barricade], but I'm saying I may have been shaking the barricade." (Trial Tr., Valiavicharska at 7: 17-18.) Because this testimony was facially inconsistent with Plaintiff's declaration, Defendant attempted to use the declaration to impeach Plaintiff: "We have your declaration that was prepared by Mr. Yourke . . . who is your attorney and filed the document that I put in front of you . . . and it unequivocally says 'I shook the barricade.'" (Trial Tr., Valiavicharska at 11: 10-15.) Plaintiff, after examining the document at some length, replied: "I hadn't actually seen that document, but it was filed on my behalf." (Id. at 11: 16-17.)

---

[1] Signatures on all of the declarations filed by Mr. Yourke in this case were indicated with the /s/ symbol on the signature line above the name of the signatory (See Dkt. Nos. 50, 63, 65) with the exception of Dkt. No. 158, which was physically signed by Plaintiff.

2

After observing and listening to Plaintiff during this exchange, it was evident to the Court that Plaintiff had never before seen the declaration. Accordingly, the Court directed Mr. Yourke to explain the discrepancy. In response, and outside the presence of the jury, Mr. Yourke stated:

> [T]o the best of my recollection, I did speak with [Plaintiff] telephonically, told her what I was doing. I was preparing a declaration for her. I believe I read it to her or at least explained what the substance of the declaration was and would it be okay if I were to sign it on her behalf. And she said, 'Yes.' . . . I don't believe I sent it to her for review before getting her authorization, but I certainly discussed it with her on the phone and told her what it was and what it was for . . . I don't think I've done anything unethical.

(Partial Trial Tr., 2-7-12 at 2: 19-24, 3: 2-9.)

The Court subsequently issued an Order to Show Cause as to why Mr. Yourke should not be sanctioned for e-filing a declaration by Plaintiff that she had never seen. (Dkt. No. 149.) In response, Mr. Yourke filed a declaration that states: "Before filing said declaration, I discussed it with Ms. Valiavacharska by telephone and explained its contents and its purpose to her." (Dkt. No. 152 at 1.) In addition, Mr. Yourke professes that when he filed this declaration, he was "not aware of the requirements provided in General Order No. 45 relating to the electronic filing of declarations by attorneys" and therefore does not "have any contemporaneous documents tending to prove that Ms. Valiavacharska consented to the filing of the declaration on her behalf." (Dkt. No. 152 at 2.) Plaintiff also filed an additional declaration stating that she authorized Mr. Yourke "to sign and file" the declaration in question after "Mr. Yourke reviewed the Declaration with [her] by telephone." (Dkt. No. 158.)

**DISCUSSION**

The question before the Court is whether an attorney can electronically sign and file a document on behalf of a declarant who has only verbally approved its "substance" without actually reviewing the declaration. When a lawyer files a declaration electronically signed by a declarant, he is representing to the Court that the contents of the declaration are as authentic as if the declarant had physically signed the declaration herself. The requirements of General

3

Order 45 preserve the sanctity of this representation to avoid situations in which a declarant is legally bound to statements not fairly attributed to her. Specifically, General Order 45 §10(B)[2] requires that an attorney filing a declaration on behalf of someone other than himself "shall attest that concurrence in the filing of the document has been obtained" from the signatory and "shall maintain records to support this concurrence for subsequent production for the court if so ordered."

Mr. Yourke did not obtain proper concurrence from Plaintiff before filing the declaration. An electronic signature is defined as "an electronic sound, symbol, or process, attached to or logically associated with a contract or other record and executed or adopted by a person with the intent to *sign* the record." 15 U.S.C.A § 7006(5) (emphasis added). A declarant cannot affirm under penalty of perjury that the contents of a document are true when she has not reviewed the document. It therefore follows that an attorney cannot, on the declarant's behalf, make such a representation about a document when the attorney has not provided it to her for her review. Mr. Yourke admits that Plaintiff never saw the declaration or approved its contents verbatim. A telephone conversation regarding the "substance" or "contents" of a proposed declaration does not provide a declarant with enough information to authorize a binding signature on her behalf and therefore does not meet the requirements of General Order 45.

Mr. Yourke also failed to maintain the required contemporaneous records to document Plaintiff's alleged concurrence. Though the rule does not specify the type of records necessary to corroborate a signatory's concurrence, the requirement of availability "for production for the court if so ordered" suggests this record must be physical. In fact, the Northern District provides the following guidance: "the original [of the electronically signed document] with the holograph (ink) signature should be kept by the filing attorney for

---

[2] This Court's Civil Standing Order adopts the Northern District's General Orders and cautions that "failure to comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions." CIVIL STANDING ORDER FOR MAGISTRATE JUDGE JACQUELINE SCOTT CORLEY, available at http://www.cand.uscourts.gov/jscorders.

4

subsequent production for the court, if so ordered, or for inspection upon request by a party until one year after final resolution of the action." What Is a "Signature Attestation"?, GENERAL FAQS: SIGNATURES, (Mar. 21, 2012, 5:35 PM), https://ecf.cand.circ9.dcn/cand/index.html.  Other courts similarly require an attorney to maintain a copy of the electronically signed document with the signatory's physical signature. See In re Wilson, 2011 WL 2413515, at *2 (Bankr. N.D. Cal. June 12, 2011)( noting that "[w]hen an attorney electronically files a document on behalf of a client, the attorney is certifying to the court that he or she has the original in his physical possession"); In re Brown, 328 B.R. 556, at *2 (Bankr. N.D. Cal. June 30, 2005)(stating that an attorney "shall retain the [electronically filed] document bearing the original signature until five years after the case or adversary proceeding in which the document was filed is closed").  The Ninth Circuit likewise requires that an attorney "must also maintain a signed copy of the [electronically] filed document until the appellate process is completed in the case." Is "s/" Acceptable for Electronic Filings?, FREQUENTLY ASKED QUESTIONS ABOUT APPELLATE ECF, (Mar. 21, 2012, 10:49 AM), http://www.ca9.uscourts.gov/cmecf/view.php?pk_id=0000000099#filing-signature-for-e-filing.  Here, Mr. Yourke admits that he cannot produce any contemporaneous record to substantiate Plaintiff's concurrence prior to the filing of the declaration.

Accordingly, the Court finds that Mr. Yourke violated General Order 45 by failing to both obtain proper concurrence and to maintain the required records in conjunction with the electronic signature and filing of Plaintiff's declaration.  The Electronic Signatures in Global and National Commerce Act ("E-Sign Act") supports the conclusion that oral communications alone cannot authorize an electronic signature: "an oral communication or a recording of an oral communication shall not qualify as an electronic record." 15 U.S.C.A. § 7001(c)(6). Even were an oral communication sufficient to authorize a signature, a telephone call does not establish the physical record of concurrence required by General Order 45 to substantiate the authenticity of an electronic signature on behalf of a declarant.

Mr. Yourke argues against sanctions for his conduct on two grounds: he was unaware of the General Order, and his conduct was not purposefully "dishonest." (Dkt. No. 152.)  He

5

admits only to committing "a harmless procedural error." (Id.) Mr. Yourke's defense merely highlights his misunderstanding of his obligations as an attorney admitted to practice in the Northern District of California. As an attorney admitted to practice in the Northern District, he is required to make himself familiar with the rules of the Court. See Civil L.R. 11-4.

Even without awareness of General Order 45's mandates, however, common sense dictates that it is improper to represent to the Court that a declarant swears under penalty of perjury to the contents of a document the declarant never saw. Prior to the adoption of electronic filing, an attorney could not forge a declarant's physical signature even after a phone conversation in which the declarant approved the document; attorneys were required to procure the declarant's actual signature before filing the document. The Northern District's adoption of electronic filing for the convenience of the Court, parties and their attorneys did not give attorneys license to forge a witness's signature, and no reasonable attorney could have believed otherwise.

Given the nature of this transgression, Mr. Yourke's claim of a lack of willful dishonesty does not excuse his failure to fulfill his professional obligations. An attorney's conduct may be inadvertent but still warrant sanctions: "a court need not find intentional conduct to discipline an attorney for conduct unbecoming a member of the bar . . . lack of diligence that impairs the deliberations of the court is sufficient." In re Giardi, 611 F.3d 1027, 1035 (9th Cir. 2010). Such unbecoming conduct includes a lack of compliance with "applicable court rules." Id.

Defendants argue that Mr. Yourke should be subject to monetary sanctions including payment of $8,999.50 in attorneys' fees for time spent on the Reply Brief in Support of the Motion of Summary Judgment, portions of their Federal Rule of Civil Procedure 50 argument impacted by receipt of the "sham" declaration, the Response to the Order to Show Cause, and attendance at the accompanying hearing. (Dkt. No. 154 at 7.) As Plaintiff's unequivocal statement in the declaration that she shook the barricade was consistent with Defendants' theory of the case, the Court finds that the declaration had, at best, a negligible impact on attorney time expended. The declaration was also not material to the Court's summary

1 judgment decision as it did not resolve Plaintiff's and Defendants' conflicting accounts of the
2 dispositive moment in this case, namely when Plaintiff's hand was struck by a police baton.
3 In fact, the only role of real substance played by the declaration occurred during the trial when
4 Defendants used the document for impeachment.

The Court therefore declines to award monetary sanctions; instead, the Court refers Mr. Yourke to the Standing Committee on Professional Conduct for any disciplinary action the Committee deems appropriate.  See Civil L.R. 11-6 (a)(d).  The Court is mindful of Defendants' concern that such a referral is not sufficient; however, the Court in its discretion believes that this public referral to the committee responsible for addressing precisely this type of conduct is the appropriate course of action in these circumstances.

**IT IS SO ORDERED.**

Dated:  March 22, 2012                    _____
                                          JACQUELINE SCOTT CORLEY
                                          UNITED STATES MAGISTRATE JUDGE